## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-23359-Civ-SCOLA

HUMBERTO GAYOU,

     Plaintiff,

vs.

CELEBRITY CRUISES, INC.,

     Defendant.

_____/

### ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss [ECF No. 8], filed by Defendant Celebrity Cruises, Inc. ("Celebrity"). For the reasons set forth below, this Motion is granted in part. The Court finds that the following claims are subject to dismissal: negligence; misleading advertising; negligent misrepresentation; actual agency; and breach of third-party beneficiary contract. To the extent the pleading deficiencies identified herein are subject to cure, Plaintiff is given leave to file an Amended Complaint.

### Introduction

This action arises from injuries that Plaintiff Humberto Gayou allegedly sustained to his person while on a zip-lining excursion in Puerto Limón, Costa Rica. At the time, Gayou was on a Caribbean cruise operated by Celebrity. The zip-lining accident occurred while Gayou was participating in a shore excursion tour sold through Celebrity, but operated in all respects by an independent tour company, Asuaire, which was formerly a defendant to this lawsuit. The Complaint asserts six counts against Celebrity: negligence; misleading advertising; negligent misrepresentation; apparent agency; actual agency; and breach of third-party beneficiary contract. The thrust of the Complaint is that Celebrity should be held to account for Gayou's injuries because Celebrity touted, promoted, and sold the zip-lining excursion to him and made affirmative representations to the effect that it was safe, reliable, and fun, when in fact just the opposite was true. It was not safe, Gayou alleges, and Celebrity knew it. Celebrity moves to dismiss these counts for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Before addressing Celebrity's arguments, the Court will briefly recite the relevant facts, accepting the Complaint's allegations as true, as the Court must when deciding a motion to dismiss under Rule 12(b)(6)

### Factual Background

In December 2010, Gayou took a cruise aboard the M/S Constellation, a vessel operated by Celebrity.  Shore excursions are, according to the Complaint, a substantial part of the cruise vacations aggressively promoted and sold by Celebrity to its passengers.  Celebrity allegedly derives substantial income from marketing and selling excursions to passengers on its cruise ships.  According to the allegations, most of Celebrity's advertising is intended to entice patrons to select the cruise line and the cruise ship specifically for the excursions.

Puerto Limón, Costa Rica was one of the M/S Constellation's ports of call. Gayou purchased a ticket to the "Jungle Breezes Canopy Tour" zip-lining excursion from Celebrity.  The excursion, which involves riding a zip-line system from platform to platform, is operated by an independent company called Asuaire.  Celebrity heavily promoted the excursion on its website as "built with double steel cables, a twin pulley system and the safest rope breaking [sic] system."  *See* Compl. ¶ 11.   Gayou allegedly purchased tickets for the zip-lining excursion in reliance upon these website representations.

Gayou claims reliance on other representations too.  Prior to taking the excursion, he allegedly spoke with an attendant at Celebrity's excursion desk and was further advised, by a female attendant with an Argentinean or Chilean accent, that the excursion was indeed safe and had the "safest" braking system.  *Id.* ¶ 13.  The promotional materials given to Gayou at the excursion desk touted the zip-line excursion in like fashion.  Prior to taking the excursion, Plaintiff attended a passenger meeting where Celebrity cruise line officials discussed the various shore excursions available for purchase, including the zip-lining excursion.  During the meeting, Celebrity allegedly again promoted the safety of the zip-lining excursion, particularly the safety of its braking system.  Gayou also tuned in to an on-board television channel in his stateroom that "depicted people safely ride [sic] a zip line through the trees" during the Jungle Breezes Canopy Tour.  *Id.* ¶ 16.

The Complaint alleges that Celebrity employs numerous crew members and shore-side employees on its vessels and at its headquarters in Miami, Florida who are responsible for issues of tour safety.  Celebrity allegedly involves itself in all incidents when its passengers are reported

injured during cruise-sponsored excursions.  Yet, according to Gayou, on the day of the zip-lining excursion in question, neither Celebrity nor Asuaire's guide provided him any warning that "dangerous situations could be encountered between platforms, such as brake failure." *Id.* ¶ 19.

On December 23, 2010, Gayou was participating in the Jungle Breezes Canopy Tour when the zip-line's brake failed and Gayou crashed into a tree.  The accident allegedly caused multiple fractures to his left foot and ankle, requiring surgery and insertion of screws, plates, and pins, as well as other related injuries.  Gayou brought this lawsuit to recover for his injuries.

## Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal.  *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted).  "This is a stricter standard than the Supreme Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for

failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

Where a cause of action sounds in fraud, however, Federal Rule of Civil Procedure 9(b) must be satisfied in addition to the more relaxed standard of Rule 8. Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," although "conditions of a person's mind," such as malice, intent, and knowledge, may be alleged generally. Fed. R. Civ. P. 9(b). "The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (citations omitted). "When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, [grounded on] baseless allegations used to extract settlements." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002). Thus, the Rule's "particularity" requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *West Coast Roofing & Waterproofing*, 287 F. App'x at 86. To meet this standard, the Complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and manner in which the statements misled the plaintiff; and what the defendant gained through the alleged fraud. *Id.*

With these standards in mind, the Court turns to Gayou's Complaint to see whether his claims are sufficiently alleged to withstand dismissal.

## Legal Analysis

Upon careful consideration, the Court dismisses Gayou's claims for negligence, misleading advertising, negligent misrepresentation, actual agency, and breach of third-party beneficiary contract. The remaining claim for apparent agency shall not be dismissed.

## I.      Negligence

Gayou's negligence claim cannot survive dismissal because he fails to allege any facts either showing or creating an inference that Celebrity knew or should have known the zip-lining excursion was other than safe.

In the negligence count, Gayou alleges that Celebrity breached its duty to use reasonable care under the circumstances by committing a number of acts in the course of its business activities, including "negligently selecting the zip-lining company ('excursion operators') it markets to its passengers," "negligently failing to investigate the safety of its excursion operators," "negligently failing to audit the safety of its excursion operators," "negligently failing to interview employees of excursion operators," "negligently failing to supervise excursion operators," "negligently failing to require proof that the excursion operators adequately trained and educated its employees," "negligently failing to require proof that excursion operators supervise their employees," "negligently failing to review the procedures of excursion operators to make sure that passengers are not victims of brake failure," "negligently failing to require proof that excursion operators inspect their equipment to make sure that passengers are not victims of brake failure," "negligently failing to require proof that the excursion operator maintain the equipment used in the excursion, including the braking system," "failing to adequately warn passengers purchasing excursions from Defendant's vessels that there are real and significant dangers on tours and excursions, including the fact that other passengers have been killed or injured while on such excursions," "failing to adequately warn passengers purchasing excursions from Celebrity that excursion operators are unsafe," "failing to warn passengers of dangers presented by excursion operators," "deliberately creating an environment whereby passengers would be deceived into believing that they are safe simply because they purchased a Celebrity excursion ticket," "covering up prior accidents occurring on excursions or tours sold by Defendant, thereby preventing the public from gaining knowledge regarding potential dangers on tours and excursions," "failing to investigate similar incidents involving excursion operators and/or its employees which would reveal the dangerous nature of Celebrity sponsored tours," "failing to implement policies or procedures to track prior accidents so that passengers could be warned of the dangers posed to their health and physical and mental well being," "concealing, suppressing, and mis-characterizing information involving prior incidents where passengers are injured and/or killed while on excursions," and "protecting Celebrity's

business interest and media image at the expense of the fundamental rights of the passengers and other members of the public who will be injured in the future," among others.  Compl. ¶ 27. According to Gayou, this laundry list of breaches by Celebrity proximately caused the injuries he sustained when he slammed into a tree while zip-lining.  *Id.* ¶¶ 28-31.

Celebrity moves to dismiss the negligence count because it does not allege *facts* showing that the cruise line knew or should have known of any dangerous condition relating to the zip-lining excursion that would give rise to a duty to warn.  Mot. at 2-5.  Celebrity also argues that Gayou seeks to impose upon it heightened duties unsupported by general maritime law. *Id.* at 5-6.  Further, Celebrity contends that the allegations do not support a claim for negligent hiring or retention of an independent contractor, to the extent Gayou attempts to raise such a claim.  *Id.* at 6-7.  In response, Gayou distinguishes Celebrity's case authorities and focuses upon his allegations regarding a failure to warn.  According to Gayou, "although Celebrity moves to dismiss [the negligence count] because it alleges violation of 'various duties' which Celebrity alleges are not owed to the Plaintiff, Celebrity nevertheless acknowledges that it owes a duty to warn."  Resp. at 8.  Therefore, Gayou contends, the Court should not strike the alleged duties from the Complaint in "line item fashion," it being sufficient that facts concerning *some* duty – that is, the duty to warn – are alleged.  *Id.*

Celebrity has the better argument.  Under federal maritime law,[1] the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition."  *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).  A cruise line must warn passengers only of those dangers that "the cruise line knows or reasonably should have known," and "which are not apparent and obvious to the passenger."  *See Smolnokar*, 787 F. Supp. 2d at 1315 (citations omitted).  Gayou's negligence count, premised on Celebrity's failure to warn, fails to state a claim because he has not alleged any *facts* from which it may be inferred that Celebrity either knew or should have known of any dangerous or unsafe condition associated with the zip-lining excursion.  He alleges a host of

_____

[1]  The parties rightly agree that federal maritime law supplies the relevant legal framework for analyzing Gayou's claims.  "Federal maritime law applies to actions arising from alleged torts 'committed aboard a ship sailing in navigable waters,'" and also "extends to torts occurring at offshore locations or ports-of-call during the course of a cruise."  *See Smolnokar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011) (Jordan, J.).

breaches, but there are no underlying facts suggesting the requisite actual or constructive knowledge on Celebrity's part.  Without that, Gayou fails to adequate invoke Celebrity's duty to warn.  *See Koens v. Royal Caribbean Cruises, Ltd.*, 774 F. Supp. 2d 1215, 1220 (S.D. Fla. 2011) (King, J.); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1237 (S.D. Fla. 2006) (Moreno, J.).

The same result obtains to the extent that the negligence count attempts to state a claim for negligent hiring or retention of an independent contractor.[2]  To properly plead such a claim, Gayou must allege that the zip-lining company was incompetent or unfit to perform the work, that Celebrity knew or reasonably should have known of the particular incompetence or unfitness, and that such incompetence or unfitness proximately caused his injuries.  *See Smolnokar*, 787 F. Supp. 2d at 1318.  Gayou fails to do so.  The Complaint lists endless purported failings by Celebrity, but none are supported by any relevant facts going to the first and second elements.  *See Koens*, 774 F. Supp. 2d at 1220 ("merely pleading the existence of [cruise line's] duties without providing a factual basis for their imposition is insufficient to state a cause of action"); *Iqbal*, 129 S. Ct. at 1949.  As such, Gayou has not sufficiently alleged a negligent hiring or retention claim.

Finally, as to Gayou's other breach allegations, it may be that he is attempting to impose upon Celebrity heightened duties unsupported by maritime law.  Celebrity puts forth such an argument in support of dismissal.  At present, however, the Court need not strike alleged duties from the Complaint in "line-item fashion," as the negligence count is being dismissed regardless.  *See Holguin v. Celebrity Cruises, Inc.*, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) (Altonaga, J.).  Upon re-pleading, however, Gayou is reminded that any alleged breaches, and the duties associated therewith, must be consistent with federal maritime law and must be supported by underlying factual allegations.  *See White v. NCL Am., Inc. & Norwegian Cruise*

---

[2] It is not entirely clear that Gayou is attempting such a claim.  The count is simply labeled "negligence," and Gayou's response to the Motion to Dismiss focuses exclusively on whether he properly alleged a negligence claim based on failure to warn.  Yet, some of the breach allegations potentially implicate negligent hiring or retention.  Construing the Complaint in the light most favorable to Gayou, the Court finds it prudent to address such a claim.  Because the Court is dismissing the Complaint, should Gayou wish to plead a negligent hiring and retention claim, he shall separately allege an independent count when amending the Complaint.  *See Platypus Wear, Inc. v. Clarke Modet & Co., S.L.*, 2008 WL 2557503, at *2 n.5 (S.D. Fla. June 23, 2008) (Torres, J.) ("Allegations in a complaint must be composed of definite statements with sufficient clarity and precision for a defendant to differentiate between the different claims in order to form a proper responsive pleading.").

*Line Ltd.*, 2007 WL 414331, at *1-*2 (S.D. Fla. Feb. 6, 2007) (Brown, J.); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1318 (M.D. Fla. 2002) (Presnell, J.).  Just as above, conclusory allegations grounded in thin air will not do.

Gayou's negligence count is therefore dismissed without prejudice.  He is given leave to amend, provided the above deficiencies are cured.

## II.    Misleading Advertising and Negligent Misrepresentation

The Court finds these counts must be dismissed.  Both claims are grounded on virtually identical allegations.   And both claims require compliance with Federal Rule of Civil Procedure 9(b), as they are grounded in fraud.  *See Weitz v. Celebrity Cruises, Inc.*, 2010 WL 1882127, at *1 (S.D. Fla. May 11, 2010) (Altonaga, J.) ("Rule 9(b) applies to Plaintiffs' misleading advertising and negligent misrepresentation claims.").

The tenor of both claims is that Celebrity made certain false statements and misrepresentations in promotional materials, on its website, and during the cruise regarding the safety of the zip-lining excursion, upon which Gayou reasonably relied, and which proximately led to the injuries he sustained upon crashing into a tree during the excursion.  *See* Compl. ¶¶ 41, 53-56, 60, 71-77.   Celebrity moves to dismiss these claims, arguing that Gayou offers only "general allegations" of fraud and "fails to specify *when*" the alleged fraudulent statements were made, received, viewed, or heard.  Mot. at 8 (emphasis original).  Celebrity also contends that Gayou has not appropriately identified the documents containing the alleged misrepresentations, aside from pointing to the FAQ section of Celebrity's website and one portion of a shore excursion brochure.  *Id.*  Nor, according to Celebrity, has Gayou properly identified the alleged persons responsible for making the misstatements during the ship's "port talks."  *Id.*  For these reasons, Celebrity argues, Gayou has not adhered to Rule 9(b)'s edicts.  Gayou counters, in conclusory fashion, that his allegations are sufficiently particular as to the statements made, the persons who made them, and the time they were made.  Resp. at 9-12.  According to Gayou, his allegations adequately put Celebrity on notice of the alleged fraud, and Celebrity has enough information independent of the Complaint to prepare a defense.  *Id.*  Essentially, Gayou argues that it is enough to say that the statements were made sometime during the cruise in December 2010 by Celebrity's own employees, who Celebrity is capable of identifying.  *Id.* at 11-12.

This Court disagrees.  "Rule 9(b) requires a plaintiff to plead material misrepresentations or omissions with particularity."  *Holguin*, 2010 WL 1837808, at *2.  The Rule is satisfied only if the plaintiff alleges "precisely what statements were made in what documents or oral representations or what omissions were made," plus "the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same," plus "the content of such statements and the manner in which they misled the plaintiff," plus "what the defendants obtained as a consequence of the fraud."  *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001).  "The particularity rule alerts defendants to their precise misconduct and protects defendants against baseless charges of fraudulent behavior."  *Holguin*, 2010 WL 1837808, at *2.

Here, Gayou identifies some of the allegedly false and misleading representations and materials with sufficient particularity, but mostly fails on this front.  For instance, his allegations concerning depictions on "one of the television channels in [his] stateroom," statements found in "the daily bulletins delivered to [his] cabin during the cruise," and information presented during "port talks" are not sufficiently particular.  Compl. ¶¶ 48-50, 67-69.  Rule 9(b) demands more.  *See Holguin*, 2010 WL 1837808, at *2 (dismissing claim because "[p]laintiffs have not identified which statements were made in which documents, the time and place of each statement, and the defendant responsible for each statement").

Further, Gayou does not particularly identify the timing of ***any*** of the alleged misrepresentations.  Merely saying that Celebrity's alleged false statements were made "[d]uring the cruise," "[p]rior to arriving at each destination," or when Gayou visited the excursion desk does not satisfy Rule 9(b).  Compl. ¶¶ 48-51, 67-70.  Gayou must be more precise temporally.  *See McLaren v. Celebrity Cruises, Inc.*, 2012 WL 1792632, at *10 (S.D. Fla. May 16, 2012) (Altonaga, J.) (Rule 9(b) not satisfied where, under very similar facts, plaintiff "failed to specifically allege when each statement was made"); *Weitz*, 2010 WL 1882127, at *1 (dismissal required where plaintiff failed to allege "*when* Celebrity made the alleged misrepresentations").  This is especially significant as to the representations he claims were present on Celebrity's website.  Gayou baldly asserts that "website material typically remains static," *see* Resp. at 12,

but experience tells us the opposite is true.  Website content is updated and changed all the time.[3]
The importance of "when" cannot be understated here.  These counts are dismissed for failure to
comply with Rule 9(b).  *McLaren*, 2012 WL 1792632, at \*10; *Weitz*, 2010 WL 1882127, at \*1.

As to the claim for misleading advertising, the Court finds dismissal is required for
another reason as well.   An essential element of a misleading advertising claim is that the
representor ***knew or should have known*** of the falsity of the statements at issue.  *See Joseph v.
Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. 5th DCA 2004).  As Celebrity correctly argues,
Gayou again fails to allege any facts supporting that Celebrity knew or should have known that
the statements in its marketing materials concerning the excursion operator's safety record,
reputation, and the like were false.  Nor does he allege any facts supporting that Celebrity knew
of any dangerous condition with the zip-lining excursion.   Instead, Gayou offers only the
conclusory assertion that "[s]aid statements and information were false and misleading at the
time they were made, and Celebrity knew or should have known that they were false at such
time."  Compl. ¶ 53.  What's missing here is "why" and "how" Celebrity knew or should have
known.  That no such facts are alleged requires dismissal of the misleading advertising claim.
"Threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.

Although Celebrity argues for it, the Court does not reach the same conclusion as to the
negligent misrepresentation count.   While the elements are similar, a cause of action for
negligent misrepresentation is not contingent on the representor having actual or constructive
knowledge of falsity; such a claim may also be stated where "the representor made
the misrepresentation ***without knowledge*** as to its truth or falsity."   *Fojtasek v. NCL (Bahamas)
Ltd.*, 613 F. Supp. 2d 1351, 1355 (S.D. Fla. 2009) (Ungaro, J.) (emphasis supplied).  Gayou's
allegations that Celebrity touted and promoted the zip-lining excursion's safety even though
"Celebrity had not vetted the excursion, its operator, or the equipment, and in particular the

---

[3] Indeed, "[t]he dynamic nature of the Web means that pages and whole sites are
continually   evolving,   meaning   that   pages   are   frequently   changed   or   deleted."
*See* Michael Day, *Collecting and Preserving the World Wide Web*, Feb. 25, 2003,
http://www.jisc.ac.uk/uploaded_documents/archiving_feasibility.pdf.   The average lifespan of a
typical website was once pegged at a mere seventy-five days.  *See id.* at 6.  For all we know,
Gayou's lawyers may have visited the website in question in the course of drafting the
Complaint and made use of the language then appearing.  But that may or may not be the same
language on which Gayou relied and which was allegedly false at the time of the cruise.

braking system, used in the excursion" are sufficient to withstand dismissal for failure to state a claim. *See Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d 1390, 1395-96 (11th Cir. 1997) (knowledge element for negligent misrepresentation satisfied even though defendant "did not knowingly misrepresent the zoning and was not even aware of the zoning and 'had no cause to know' the zoning category was inaccurate," because such cause of action is viable even "[w]hen there is no intent to deceive but only good faith coupled with negligence"); *Burger King Corp. v. Austin*, 805 F. Supp. 1007, 1024 (S.D. Fla. 1992) (Hoeveler, J.) (negligent misrepresentation "involves negligent failure to ascertain the truth or falsity of a representation, rather than knowledge that such representation is false"). Gayou still must re-plead this count consistent with Rule 9(b), however.

### III.    Apparent Agency and Actual Agency[4]

While the Court finds the apparent agency count has been sufficiently pled, the actual agency count must be dismissed. Gayou's actual agency count fails to state a claim because the contract between Celebrity and the excursion company shows, as a matter of law, that no actual agency relationship was formed or intended by the parties.

In the apparent agency count, Gayou alleges that Celebrity held out the excursion company as its agent by making a number of representations to cruise passengers, particularly in brochures and other promotional materials, indicating that the excursions were not offered independent of Celebrity. Compl. ¶ 80. In this regard, Gayou also points the fact that the excursions were sold through the Celebrity shore excursion desk on board the cruise ship, the manner in which the excursions were charged and paid for through Celebrity, the appearance and actions of shore excursion personnel in relation to Celebrity and its passengers, and the preferential treatment given by Celebrity to passengers participating in shore excursions. *Id.*

---

[4] The Court observes at the outset that these counts, as labeled, are not really causes of action, but rather theories of liability. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260 (11th Cir. 2001); *see also Gavigan v. Celebrity Cruises, Inc.*, 2011 WL 7139353, at *3 (S.D. Fla. Oct. 12, 2011) (Seitz, J.). There is no cause of action for "agency." *See Barabe v. Apax Partners Europe Managers, Ltd.*, 359 F. App'x 82, 84 (11th Cir. 2009). A fair reading of the substance of the claims, however, makes plain that Gayou is really pleading negligence causes of action that are grounded on an agency theory of liability. The Court so construes them, their respective labels notwithstanding. When amending, Gayou shall properly label such claims.

According to Gayou, these representations, facts, and circumstances led cruise passengers such as him to reasonably believe that the excursion company was an agent of Celebrity.  *Id.* ¶ 81.  Gayou also alleges that he reasonably relied and acted upon this belief in purchasing tickets to the zip-lining excursion, that the excursion company's breach of duty and negligence resulted in his injuries, and that Celebrity as principal is liable for the excursion company's failings.  *Id.* ¶¶ 81, 83.

Celebrity moves to dismiss this claim, arguing that Gayou has not set forth sufficient facts to support an apparent agency theory.  Mot. at 15-17.  The Court disagrees.  Apparent agency exists where the alleged principal makes a manifestation that causes a third party to reasonably believe that the alleged agent had the authority to act for the benefit of the principal, and the third party reasonably acts on such belief to his detriment.  *See Fojtasek*, 613 F. Supp. 2d at 1357.  Although Celebrity contends that the Complaint "lacks the necessary factual support alleging the representation necessary to create an apparent agency relationship" and that "[a]t best, [Gayou] has alleged conclusory facts that Celebrity allowed the subject shore excursion operator to represent itself as Celebrity's agent," *see* Mot. at 16, a careful reading of the allegations belies these contentions.  Gayou has set forth allegations of specific undertakings by Celebrity that, if proved, could establish the requisite manifestations by the principal, causing a third party like Gayou to reasonable believe that the excursion company was its agent.  Moreover, even if the Complaint merely pled that "Celebrity allowed the shore excursion operator to represent itself as Celebrity's agent," *see* Mot. at 16, a claim for apparent agency would not necessarily be foreclosed, if supported by underlying facts.  "An apparent agency relationship may be created by silence where 'the principal knowingly permits the agent to act as if the agent is authorized,' or 'by acting in a manner which creates a reasonable appearance of an agent's authority[.]'"  *Belik v. Carlston Travel Group, Inc.*, 2011 WL 2221224, at *7 (S.D. Fla. June 6, 2011) (Altonaga, J.) (quoting *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1078 (11th Cir. 2003).  Therefore, the apparent agency count will not be dismissed.

The Court reaches the opposite conclusion as to the claim for actual agency, however.  Gayou alleges there was an actual agency relationship between Celebrity and the zip-lining excursion company because, on information and belief, the contract between them granted Celebrity "significant control over the excursion operator's day-to-day activities."  Compl. ¶ 90.  Gayou alleges that he "does not currently have a copy of the contract" in question, and therefore

does not attach it to his Complaint.  *See id.*  Celebrity has attached a copy of the contract to its Motion, however, arguing that the contract definitively shows no actual agency relationship between the signatories.  Mot. at 14.  Because the contract, and the control it allegedly allowed Celebrity to exercise over the excursion company, is central to Gayou's claim of actual agency, the Court may consider its terms in deciding this Motion to Dismiss.  As the Eleventh Circuit has explained, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).  Because the contract is clearly central to Gayou's claim of actual agency, the Court has carefully reviewed it in relation to the Complaint's allegations, consistent with the rule announced in *Brooks*.

     An actual agency relationship requires an acknowledgement by the principal that the agent will act for it, the agent's acceptance of the undertaking, and control over the agent's actions by the principal.  *See Fojtasek*, 613 F. Supp. 2d at 1357.  Although Gayou's allegations parrot these elements, the Court finds no support for an actual agency claim in the contract itself. In fact, the contract shows an express intent that the excursion company would act as an independent contractor to Celebrity, not as its agent.  Mot. at Ex. 4, § 1 ("Operator's relationship with Cruise Line during the term of this agreement shall be that of an Independent Contractor."). Further, the contract does not provide for the kind of control by Celebrity over the excursion company that the Complaint alleges and that would be required for an actual agency relationship. In fact, the contract repeatedly disclaims such control by Celebrity with clauses such as, "Operator acknowledges that the control and responsibility of the Shore Excursion remains exclusively with the Operator," and "Operator shall not publish nor use any advertising, sales promotions, press releases or other publicity which use Cruise Line's name, logo, trademarks or service marks without prior written approval of Cruise Line."  *Id.* §§ 1, 6, 9, 12.

     Other than reciting the elements of actual agency and claiming, incorrectly, that the contract creates an actual agency relationship, Gayou offers only the conclusory allegation that "Celebrity performed all billing, advertising, organizing, and direction of its passengers to [the excursion company]."  Compl. ¶ 91.  Very similar allegations have been deemed insufficient to

support a claim of agency, however.  *See Fojtasek*, 613 F. Supp. 2d at 1357 (dismissing agency claim where "Plaintiff has merely alleged that [the cruise line] allowed [the excursion provider] to represent itself as [the cruise line's] agent and that it utilized [the cruise line] for billing, advertising, organizing, and directing passengers related the zip-line ride").  While the Court recognizes that the existence of an agency relationship is often fact-specific and dependent on the circumstances in question, *see Villazon v. Prudential Health Care Plan, Inc.*, 843 So. 2d 842, 853 (Fla. 2003), Gayou's allegations rely almost exclusively upon the purported "extensive control over the excursion operator's day-to-day operations" given to Celebrity by the terms of the contract, *see* Compl. ¶ 90.  That contract, however, shows as a matter of law that no agency relationship was intended or formed.  *See Jaar v. Univ. of Miami*, 474 So. 2d 239, 242 (Fla. 3d DCA 1985) (agency status in contract presents question of law for the court).  Therefore, on these allegations, the actual agency claim cannot stand.  *See Verizon Trademark Servs., LLC v. Producers, Inc.*, 2011 WL 3629002, at *5 (M.D. Fla. Aug. 18, 2011) (Hernandez Covington, J.) ("[Plaintiff] argues that the Court should look beyond the terms of the contract to find an agency relationship. However, Florida case law requires specific facts to support a finding of agency, and those facts are neither alleged nor evidenced here.").

### IV.    Breach of Third-Party Beneficiary Contract

Gayou's claim for breach of third-party beneficiary contract must be dismissed for two reasons. First, he fails to allege that Celebrity breached any duty.  Second, the contract shows no intent to primarily benefit third-parties, such as Gayou.

Gayou alleges that Celebrity and the zip-lining excursion company entered into a contract, whereby Celebrity passengers would be afforded "a safe and secure excursion." Compl. ¶ 98.  This is the same contract Gayou relies upon in support of his actual agency claim. According to Gayou, the intended third-party beneficiaries of this contract were cruise vacation passengers, such as himself.  *Id.* ¶ 100.  Further, he alleges that the excursion company breached the third-party beneficiary contract, causing him injury as a result of this breach.  *Id.* ¶¶ 102-103.

Celebrity moves to dismiss the claim, arguing Gayou was not an intended primary or direct beneficiary to the contract.  Mot. at 18.  Celebrity points to the contract itself to show both that Gayou was not an intended beneficiary, and that, in fact, any intent to benefit a third party is expressly repudiated therein.  *Id.*  In response, Gayou agrees that a third-party beneficiary must be an intended primary or direct beneficiary to the contact, but contends that he was a member of

a "well defined class of readily identifiable persons" that the contract intended to benefit –
Celebrity passengers who purchased a ticket for the zip-lining excursion.  Resp. at 15.

The Court agrees with Celebrity.  Two requisite allegations to successfully plead a cause
of action for breach of third-party beneficiary contract are that the defendant breached the
contract, and that there was an express or implied intent to primarily and directly benefit the
plaintiff.  *See Rinker v. Carnival Corporation*, 753 F. Supp. 2d 1237, 1244 (S.D. Fla. 2010)
(Seitz, J.).  Here, Gayou fails to allege ***any*** breach by Celebrity; the only breach alleged,
conclusory as it is, names the excursion company.  Compl. ¶ 102.  This will not work.
*See Rinker*, 753 F. Supp. at 1237 ("To hold Carnival liable for a breach by the other contracting
parties, as Plaintiff seeks to do, would turn contract law on its head.").

Further, considering its terms,[5] there is no reading of the contract that would allow the
Court to find either an express or implied intent by the parties to primarily or directly benefit
Gayou.  Not only does the contract expressly disclaim any intent to provide third parties with
"any remedy, claim, right or action or other right," but the Court is also unable to find any
provision of the contract from which to infer any intent to directly benefit Gayou, as a cruise ship
passenger.  Mot. at Ex. 4, § 12.  To be sure, Gayou has not identified any, notwithstanding the
fact that Celebrity attached the contract to its Motion to Dismiss.

The contract also falls far short of guaranteeing Gayou with a safe excursion, as alleged.
Indeed, the only reference that could arguably be thought to address a passenger's safety is the
acknowledgment that the excursion "will satisfy the highest standards in the industry."  *Id.*  But
this language is far too general.  The contract was not designed to warranty the safety of all
cruise passengers.  *See Gentry v. Carnival Corp.*, 2011 WL 4737062, at *8 (S.D. Fla. 2011)
(Goodman, J.) (cruise passenger's breach of contract claim fails unless there is express provision
guaranteeing safe passage; passenger's remedy, if any, lies in negligence); *see also Joseph v.
Carnival Corp.*, 2011 WL 3022555, at *2 (S.D. Fla. 2011) (Huck, J.) ("A cruise ship owner . . .
is not an insurer of its passengers' safety."); *Young v. Carnival Corp.*, 2011 WL 465366, at *3

---

[5] Here again, the Court may consider the contract in resolving this portion of the Motion
to Dismiss because the contract is central to Gayou's third-party beneficiary claim. *See Brooks*,
116 F.3d at 1369.  Such centrality is apparent, as Gayou alleges that the contract between
Celebrity and the excursion company supplies him with third-party beneficiary rights.
*See* Compl. ¶ 100 ("The intended third party beneficiaries of this contract are Celebrity's cruise
passengers, including the Plaintiff.").

(S.D. Fla. 2011) (King, J.) ("a general promise that the trip will be 'safe and reliable' does not constitute a guarantee that no harm will befall plaintiff") (citation omitted).

In sum, there was no direct intended benefit to Gayou. Accordingly, his claim for breach of third-party beneficiary contract is dismissed.

<u>**Conclusion**</u>

As set forth above, the Court finds that Gayou's Complaint is insufficiently pled in several material respects. Accordingly, it is hereby **ORDERED and ADJUDGED** that Celebrity's Motion to Dismiss is **GRANTED IN PART**. Gayou's claims for negligence, misleading advertising, negligent misrepresentation, actual agency, and breach of third-party beneficiary contract are all dismissed. The claim for apparent agency stands. Gayou is given leave to file an Amended Complaint by **June 19, 2012** addressing the deficiencies noted in this Order, to the extent said deficiencies may be cured.

**DONE and ORDERED** in chambers at Miami, Florida on June 5, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record
Designated Magistrate Judge